FILED
SUPERIOR COURT
OF GUAM

2025 JAN -9 PM 2: 09

CLERK OF COURT

BY:_____ JX

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JUSTIN MICHAEL LODER,<br><br>          Plaintiff,<br><br>vs.<br><br>ERIN ALEXIS LODER,<br><br>          Defendant. | DOMESTIC CASE NO. DM 0364-22 and<br>DOMESTIC CASE NO. DM0367-22<br><br><br>**DECISION AND ORDER**<br>*Re: Plaintiff's Motion to Set Aside Findings of Fact and Conclusions of Law Re: Child Custody AND Plaintiff's Motion to Transfer Jurisdiction of the Plaintiff's Complaint for Child Custody Re: UCCJEA* |
| ERIN ALEXIS LODER,<br><br>          Plaintiff,<br><br>vs.<br><br>JUSTIN MICHAEL LODER,<br><br>          Defendant. | |

This matter came before the Honorable Arthur R. Barcinas on October 15, 2024, for a hearing on Plaintiff's Motion to Set Aside Findings of Fact and Conclusions of Law Re: Child Custody ("FFCL Motion") and Plaintiff's Motion to Transfer Jurisdiction of the Plaintiff's Complaint for Child Custody Re: UCCJEA ("UCCJEA Motion"). Plaintiff Justin Michael Loder ("Plaintiff") was present via Zoom, represented by Attorney Daniel Berman, and Defendant Erin Alexis Loder ("Defendant") was also present, represented by Attorney Jeffrey Cook.

## INTRODUCTION

On June 10, 2024, the Court filed its Findings of Fact and Conclusions of Law ("FFCL") regarding custody and support of the parties' minor child, On June 24, 2024, Plaintiff's counsel

filed the FFCL Motion pursuant to Guam Rules of Civil Procedure ("GRCP") Rule 60(b), arguing that the Court erred by citing *Howerton v. Howerton*, 2004 Guam 8, in its application of the "tender years" doctrine. On July 18, 2024, Defendant filed an opposition arguing that the Court did not commit any error in its reading of the applicable legal standards of the doctrine in Guam. Plaintiff filed no reply brief to the opposition.

On June 25, 2024, Plaintiff also filed the UCCJEA Motion, asking the Court to transfer jurisdiction to Utah based on allegations that Plaintiff's home state is Utah, that the minor child resides in Utah, and that Guam is an inconvenient forum to exercise jurisdiction. On July 18, 2024, Defendant filed her opposition to the UCCJEA, arguing that Guam still has exclusive jurisdiction over the case and that, should the Court determine it is not a convenient forum, it should relinquish jurisdiction to South Dakota because that is where Defendant will have primary physical custody of the minor child. Plaintiff again filed no reply brief to the opposition.

## BACKGROUND

The parties were formerly married and have one minor child together. The Complaint for Divorce was filed on October 12, 2022. The Court conducted a bench trial on the issue of child custody on November 22, 2023, November 27, 2023, and December 4, 2023. At trial, both parties testified as to their then-current and planned future living situations. Plaintiff testified that he was in the Navy at the time of trial, but would be separating from the Navy to return to Utah and transition into civilian employment; Plaintiff also testified that, at the time of trial, all of his household items had already been shipped to Utah. Defendant testified that she had plans to permanently relocate to Florida because she had a tentative employment opportunity there, and she expected to raise the child there with custody exchanges to Plaintiff as set by the Court. After trial, the Court took the matter under advisement. On December 16, 2023, Plaintiff relocated to Utah. On April 13, 2024, Defendant relocated to South Dakota with the minor child. On June 10, 2024, the Court issued the FFCL based on the testimony at trial. On June 24, 2024, Plaintiff filed the FFCL Motion, requesting that the Court reconsider the FFCL either under GRCP 60(b)(6), based on an allegedly erroneous reading of *Howerton* in the Court's citation of the tender years doctrine; or under GRCP 59(e), based on clerical inaccuracies in the

FFCL. Plaintiff further argued that the Court should change its ruling based on the "dramatically changed circumstances" from Defendant's decision to move to South Dakota after representing her plans at trial to move to Florida. On July 18, 2024, Defendant filed her opposition, arguing that the Court did not err in its reading of *Howerton* because it does not preclude consideration of the tender years doctrine; that the trial record is clear that Defendant's relocation plans to Florida were tentatively based on a job offer that was ultimately retracted; and that Defendant's subsequent relocation to South Dakota was to be near the emotion support of her family. Plaintiff filed no reply brief.

On June 25, 2024, Plaintiff also filed the UCCJEA Motion., requesting that the Court transfer jurisdiction of this case to the Utah courts on the grounds that Guam is allegedly no longer the home state of the child or either of the parents. On July 18, 2024, Defendant filed her opposition, arguing that, at the time, the Guam courts still had jurisdiction and that, when jurisdiction is relinquished, it should be to South Dakota, not Utah, as that is the jurisdiction of the parent with primary custody and thus where the child will spend the most time. Plaintiff again filed no reply brief.

On October 15, 2024, the Court heard arguments on both motions and took the matter under advisement.

## DISCUSSION

### I. FFCL Motion

#### a. GRCP 60(b)(6)

In the FFCL Motion, Plaintiff prays for relief under GRCP 60(b)(6), alleging an erroneous reading of *Howerton* as endorsing the tender years doctrine. Alternatively, Plaintiff prays for relief under GRCP 59(e), based on clerical inaccuracies in the FFCL.

As Plaintiff states, under Guam law, the Court may relieve a party from a final judgment, order, or proceeding "for any other reason justifying relief from operation of the judgment." Guam R. Civ. P. 60(b)(6).

The Court finds that the Motion is improperly brought under GRCP 60(b)(6). Under GRCP 60(b)(6), the Court may relieve a party from judgment "for any other reason justifying

relief," to wit, any other reason than those stated in GRCP 60(b)(1)-(5). Plaintiff alleges that the Court has erroneously read *Howerton*, which is an allegation of error, but it seems that Plaintiff has ironically committed an error in bringing the FFCL Motion under GRCP 60(b)(6). A 60(b) reconsideration for any alleged error the Court has made in its reading or analysis should have been properly brought under GRCP 60(b)(1), providing for relief in the event of "mistake, inadvertence, surprise, or excusable neglect." Where the Guam Rules of Civil Procedure are virtually identical to their federal counterparts, the Court looks "to cases which interpret and apply the principles of the federal rule for guidance." *Sharrock v. McCoy*, 2016 Guam 7 ¶ 75. GRCP Rule 60(b) was adopted from Rule 60(b) of the Federal Rules of Civil Procedure, and thus interpretations of the federal rule apply. *Brown v. Eastman Kodak Co.*, 2000 Guam 30 ¶ 14. Under the U.S. Supreme Court's interpretation of 60(b), "[t]he ordinary meaning of the term 'mistake' in Rule 60(b)(1) includes a judge's legal errors ... Thus, regardless whether 'mistake' in Rule 60(b)(1) carries its ordinary meaning or legal meaning, it includes a judge's mistakes of law." *Kemp v. U.S.*, 596 U.S. 528, 533-34 (2022). Therefore, a reconsideration of the Court's judgment under GRCP 60(b) for any alleged erroneous reading of *Howerton* must be brought under 60(b)(1).

Plaintiff is bringing a GRCP 60(b)(6) motion, and is therefore bringing a motion "for any other reason" than those found in 60(b)(1)-(5). In doing so, Plaintiff has essentially precluded himself from seeking relief based on an alleged error by the Court, because an argument brought under 60(b)(6) must by its very nature be based on other grounds than 60(b)(1), the provision specifically governing legal errors by the Court. Furthermore, even if the Court were to broaden Plaintiff's argument beyond GRCP 60(b)(6) to include 60(b)(1), the Court finds it has committed no "mistake, inadvertence, surprise, or excusable neglect" in its findings, and that Plaintiff has misconstrued the FFCL in making his argument.

In the FFCL, the Court stated that, "given the child's age, the Court must also take into account the tender years doctrine, which holds that young children, generally those under the age of seven years, should be in their mother's care." FFCL ¶ 18 (citing *Howerton*, 2004 Guam 8 ¶ 33.) The Court cited *Howerton* for the description of the tender years doctrine, not to

"characterize[] *Howerton* as endorsing the tender years doctrine," as Plaintiff puts it, nor did the Court ever expressly state that *Howerton* mandated or endorsed use of the tender years doctrine. FFCL Mot., at 6. The Court considered the tender years doctrine at its own discretion. While the Court stated it "must take into account the tender years doctrine," the Court did not mean that *Howerton* mandated the use of the doctrine, but that the doctrine is a longstanding legal principle endemic to child custody cases, and thus a conversation regarding custody of a child of tender years is generally not complete without consideration of whether the doctrine applies. Furthermore, while *Howerton* does not endorse the tender years doctrine, neither does it rule against its use, and thus the Court's application of the tender years doctrine is well within the Court's discretion.

Accordingly, the Court finds that it has not committed any error in its application of *Howerton,* and thus Plaintiff's argument seeking to set aside the judgment under GRCP 60(b)(6) is **DENIED**.

### b. GRCP 59(e)

Plaintiff also asks in the alternative that the judgment be set aside under GRCP 59(e) for clerical inaccuracies in the FFCL. The Court concedes that it did commit several clerical errors in the FFCL, but the Court also finds that, if this Motion is brought in the alternative under GRCP 59(e), it is both substantively and procedurally improper.

First, pursuant to GRCP 59(e), "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." A Notice of Entry on Docket and Amended Notice of Entry on Docket were filed on June 11, 2024 and June 12, 2024, respectively. Plaintiff's FFCL Motion was filed on June 24, 2024, twelve days after the Amended Notice of Entry on Docket was filed. Therefore, it is improperly brought on procedural grounds due to untimeliness.

Second, even if the Court were to consider the motion, the Guam legal standard for GRCP 59(e) does not allow for reconsideration based on the Court's clerical errors in this case. Under Guam law, GRCP 59(e) motions may be granted in four cases: "(1) if the movant demonstrates that it is necessary to prevent manifest errors of law or fact upon which the

judgment is based; (2) to allow the moving party to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) if there is an intervening change in controlling law. The clerical errors made by the Court fall under none of these categories, and Plaintiff makes no argument that they do. To the extent that the Court's errors might constitute "errors of law or fact upon which the judgment is based," the Court finds that the errors are superficial and that no part of its judgment is based upon them. The first error, regarding the date of the bench trial, is immaterial to any argument. The second error, in which the Court mistakenly refers to Plaintiff as "Defendant," similarly has no effect on the Court's analysis, as Plaintiff even states in his Motion that "it is apparent the Court meant [the passage] to refer to Plaintiff, not Defendant." Mot., at 7. Thus, 59(e) does not apply.

Furthermore, the Guam Supreme Court has held that "[c]lerical errors are generally viewed as mistakes or errors in the transcription or recording of a judgment, rather than broader mistakes in applying law or facts." *Cristobal v. Siegel*, 2014 Guam 16 ¶ 21. While the Court concedes that the Supreme Court in *Cristobal* was discussing a motion based on GRCP 60(a) rather than 59(e), the Court finds this to be further evidence that 59(e) is not the appropriate vehicle, if any, to seek relief based on the Court's clerical errors.

Accordingly, the FFCL Motion is also **DENIED** in the alternative under GRCP 59(e).

## II. UCCJEA Motion

In the UCCJEA Motion, Plaintiff argues that the Court should decline to exercise jurisdiction over this case and allow transfer of jurisdiction to Utah on grounds that Guam has become an inconvenient forum. Defendant argues in her opposition that Guam was the home state of the minor child until October 2024, after which the child's home state became South Dakota, which is where Defendant has primary physical custody over the child. Defendant further argues that, if and when the Court relinquishes jurisdiction, it should transfer jurisdiction to South Dakota.

"A child custody determination made by a court of Guam that had jurisdiction under [the UCCJEA] binds all persons who have been served in accordance with the laws of Guam or

notified in accordance with subsection 108 or who have submitted to the jurisdiction of the court, and who have been given an opportunity to be heard." 7 GCA § 39106. "[T]he determination is conclusive as to all decided issues of law and fact, except to the extent the determination is modified." *Id.*

Under Guam law, a court of Guam which has made a child-custody determination consistent with 7 GCA §§ 39201 or 39203 has exclusive, continuing jurisdiction over that determination until one of two conditions occurs: (1) the Guam court determines that either the child, the child's parents, or any person acting as a parent has no significant connection with Guam and that substantial evidence is no longer available in Guam concerning the child's care, protection, training, and personal relationships; or (2) the Guam court or another state court determines that the child, the child's parents, and any person acting as a parent do not presently reside in Guam. 7 GCA § 39202.

Under Guam law, "home state" is defined as "the State or Territory in which a child lived with a parent or a person acting as a parent for at least six (6) consecutive months immediately before the commencement of a child-custody proceeding." 7 GCA § 39102(g).

While the parties rely on the child's "home state" as part of their arguments, the Court finds that the child's home state, as it applies to the UCCJEA, is not relevant to its analysis as to whether the Court should retain exclusive, continuing jurisdiction over this matter. Under the UCCJEA, the child's home state is only referenced in establishing the Court's <u>initial</u> child custody jurisdiction, not its continuing jurisdiction after the initial determination has been made. *See* 7 GCA § 39201. The standard for relinquishing exclusive, continuing jurisdiction, as stated above, is whether the Court determines that the child and its parents or guardians either no longer have a significant connection with Guam or no longer reside on Guam. There is no provision requiring that the new jurisdiction be considered a "home state" as defined by 7 GCA § 39102(g). As to the provisions for relinquishing exclusive, continuing jurisdiction under 7 GCA § 39201, the Court acknowledges that the first option may not be satisfied because, while both parties have left Guam, Defendant's continuing employment with the Guam Women's Chamber of Commerce might be considered a significant connection with Guam. However, the

Court finds that the second option is satisfied. Because the child and both parties left Guam with apparent intent to permanently relocate, the Court determines that they were no longer considered to have resided on Guam upon their departure, and that the Court's jurisdiction over this matter thus ended on April 13, 2024, when Defendant left island.

Plaintiff further argues that Guam is an inconvenient forum, and Guam law dictates that "[o]nce the [inconvenient forum] issue has been raised, the trial court must perform the 7 GCA § 39207 [inconvenient forum] analysis" in order to determine whether a court of another sate may more properly exercise jurisdiction. *Koji v. Neves*, 2016 Guam 36 ¶ 40. In performing an inconvenient forum analysis, the Court must consider all relevant factors, including:

(1) **Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child.** There has been no established proof of domestic violence in this matter.

(2) **The length of time the child has resided outside Guam.** As of the issuance of this Decision and Order, the child has resided outside of Guam for more than eight (8) months. At the time of filing the UCCJEA Motion, Plaintiff alleged the child was living in Utah; Defendant corrected that the child did not "live" in Utah, but was merely visiting temporarily for the summer, per the Court's order, and would return to South Dakota to begin the school year.

(3) **The distance between the court in Guam and the court in the state that would assume jurisdiction.** The distance between Guam and either of the Utah and South Dakota courts is significant.

(4) **The relative financial circumstances of the parties.** Plaintiff alleges that he is employed as a physician's assistant in Utah; Defendant alleges that she is working remotely full-time for the Guam Women's Chamber of Commerce.

(5) **Any agreement of the parties as to which state should have jurisdiction.** The parties have no formal agreement as to which state should have jurisdiction.

(6) **The nature and location of the evidence required to resolve the pending litigation, including testimony of the child.** Plaintiff alleges that "[i]nformation

regarding the needs, health, development, welfare, safety, and living arrangements of the child is in Utah," and that "[n]o evidence of the current needs and living arrangements of the child is in Guam." UCCJEA Mot., at 7. Defendant argues that "[a]s to inconvenient forum, at this point in time, Guam has as much information about [the child] as Utah."

**(7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence.** There is no evidence that Guam or either state has an advantage over the other on this issue.

**(8) The familiarity of the court of each state with the facts and issues in the pending litigation.** Again, there is no indication that Guam or either state would have a clear advantage, but any future litigation to modify the child custody order would be based on circumstances that occur outside of Guam, and the Court thus finds that either of the state courts would be a more appropriate forum.

7 GCA § 39207(b). Because none of the parties live in Guam anymore, and because any future arguments to modify the child custody order would be based on circumstances occurring outside of Guam, the Court finds that Guam is no longer an appropriate forum for this matter. For the reasons above, the Court relinquishes jurisdiction.

As to which state should assume jurisdiction over the matter, Plaintiff argues that Utah should have jurisdiction, and Defendant argues that South Dakota should have jurisdiction. The Court will not rule on which competing state should assume jurisdiction, as both states are viable under the above analysis. Accordingly, the Court will **GRANT IN PART** Plaintiff's UCCJEA Motion and relinquish jurisdiction, but will leave the issue of which state will assume jurisdiction to the parties' respective state courts.

## CONCLUSION

Based on the foregoing, the Court finds the following:

1) Plaintiff's Motion to Set Aside Findings of Fact and Conclusions of Law Re: Child Custody is **DENIED**, on the Court's finding that it has committed no substantive error.

2) Plaintiff's Motion to Transfer Jurisdiction of the Plaintiff's Complaint for Child Custody re: UCCJEA is **GRANTED IN PART**, in that the Court will relinquish its exclusive, continuing jurisdiction, but refrains from ruling as to which state should assume jurisdiction upon the Court's relinquishment, as that is a determination between the competing jurisdictions pursuant to the UCCJEA.

**IT IS SO ORDERED** JAN 0 9 2025 .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**